IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 25-cv-03153-GPG

ASHLY LOGAN, an Individual, and
ASHLY LOGAN as Next Friend of CRIMSON JOHNSON, a Minor,

Plaintiffs,

v.

JONATHON COWART,

Defendant.

---

**ORDER**

---

Before the Court is Plaintiffs' Motion to Remand to the District Court, Denver County, State of Colorado (D. 15). The Court GRANTS the motion for the following reasons.

## I. BACKGROUND

This civil action arises from an automobile accident in Colorado (D. 5). On July 31, 2025, Plaintiffs filed suit in Colorado state court in Denver (*id.*). Plaintiffs alleged that they were Colorado residents (*id.* at 1). Plaintiffs now admit, however, that they moved out of Colorado and filed the lawsuit after the accident "while residing elsewhere" (D. 15 at 2).

Plaintiffs assert that they have returned to Colorado and provide, as evidence, a lease agreement for a residence in Colorado dated and beginning October 1, 2025 (*id.*; D. 15-3).

On October 7, 2025, Defendant Jonathon Cowart filed a Notice of Removal, asserting that Plaintiff Ashly Logan "was and continues to be a resident of the state of Missouri" and that

registering her vehicle in Missouri and establishing medical care there "evidence[e] her intent to remain in the State of Missouri indefinitely" (D. 1 at 2).

Plaintiffs seek remand on the basis that diversity jurisdiction no longer exists (D. 15 at 3).

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." "The party invoking federal jurisdiction bears the burden of establishing jurisdiction as a threshold matter." *A.L. by & through Luchsinger v. Pitts*, No. 21-CV-03481-CMA-STV, 2022 WL 3593739, at *2 (D. Colo. Aug. 23, 2022) (citing *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004)). "Moreover, there is a presumption against removal jurisdiction," *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), and "[d]oubtful cases must be resolved in favor of remand." *Archuleta v. Lacuesta*, 131 F.3d 1359, 1370 (10th Cir. 1997). Relatedly, courts strictly construe removal statutes to "limit the federal court's authority." *Cellport Sys. v. Peiker Acustic GmbH & Co. KG*, 335 F. Supp. 2d 1131, 1133 (D. Colo. 2004).

Federal district courts have original jurisdiction over—*inter alia*—"all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Such "[d]iversity jurisdiction requires complete diversity" across party lines, meaning that "no plaintiff may be a citizen of the same state as any defendant." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). Ordinarily, a court "evaluates the propriety of a removal by determining whether the allegations on the face of the complaint satisfy the jurisdictional requirements." *Nerad v. AstraZeneca Pharmaceuticals, Inc.*, 203 F. App'x 911, 913 (10th

Cir.2006) (unpublished). But in some instances, a reviewing court may look past the pleadings. *See id.*

The "time-of-filing rule is hornbook law" holding that "all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing—whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal." *Grupo Dataflux v. Atlas Glob. Grp.*, L.P., 541 U.S. 567, 570–71 (2004). "When diversity jurisdiction is the basis for removal, diversity must exist both at the time the action is filed in state court and at the time the case is removed to federal court." *Woods v. Ross Dress for Less, Inc.*, 833 F. App'x 754, 757 (10th Cir. 2021) (citing *Grupo Dataflux*, 541 U.S. at 570–71).

For natural persons, state citizenship is determined by their domicile. *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983). A person acquires domicile in a state when they reside there and intend to remain there indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

The party seeking to invoke federal jurisdiction bears the ultimate burden of establishing complete diversity. *ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC*, 146 F.4th 1296, 1306 (10th Cir. 2025).

## III. ANALYSIS

As the party seeking to invoke federal jurisdiction through his Notice of Removal, Defendant bears the burden of showing complete diversity existed at the time of filing and at the time of removal. *Id*. The Court finds that he has failed to carry the burden.

The evidence provided by Defendant that Plaintiffs resided in Missouri at the time that the lawsuit was filed along with her admission of the same does not establish their citizenship, only

residence. *Middleton*, 749 F.3d at 1200. The evidence that Ms. Logan sought medical care in Missouri is of no moment; people necessarily seek care wherever they are if they have a medical issue. While the evidence that Ms. Logan changed her vehicle registration indicates at least a temporary intention to remain in Missouri, the Colorado lease agreement is much stronger proof that Ms. Logan did not intend to remain indefinitely in Missouri at least by the time the lease was signed, which occurred prior to removal. Because Defendant has not shown complete diversity, the Court finds it lacks jurisdiction and grants the motion to remand.[1]

## IV. CONCLUSION

Accordingly, Plaintiffs' Motion to Remand to the District Court, Denver County, State of Colorado (D. 15) is GRANTED. It is FURTHER ORDERED that this case is remanded to District Court of the 2nd Judicial District City and County Of Denver, State Of Colorado, Case Number 2025CV32706. It is FURTHER ORDERED that the parties are to bear their own fees and costs. IT IS FURTHER ORDERED that the Clerk of Court shall close this case.

DATED November 21, 2025.

BY THE COURT:

Gordon P. Gallagher
United States District Judge

[1] Even though it concludes that this matter is appropriately remanded, the Court does not find that an award of fees and costs is appropriate under 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Defendant's evidence provided an objectively reasonable basis to remove. Additionally, Ms. Logan is not blameless, having falsely alleged that she resided in Colorado.